MARY F. COMMERFORD, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

THOMAS COMMERFORD, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

First Department, February 10, 1922.

Street railways — negligence — action for personal injuries sustained in attempting to board subway train — plaintiff caught foot between station platform and car — evidence not sufficient to sustain verdict.

Evidence that the plaintiff in attempting to board a subway train caught her foot between the station platform and the car and was thrown down upon the platform of the car does not of itself show any negligence on the part of the railroad company. Nor is the company shown negligent by evidence that there was a crowd at the station and that there was not a sufficient number of guards, in the absence of proof that the crowd and lack of guards were contributory causes of the fall. Hence, a judgment for the plaintiff should be reversed and the complaint dismissed.

APPEAL in the first above-entitled action by the defendant, Interborough Rapid Transit Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of January, 1921, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 20th day of January, 1921, denying defendant's motion for a new trial made upon the minutes.

Appeal in the second above-entitled action by the defendant, Interborough Rapid Transit Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of January, 1921, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 20th day

of January, 1921, denying defendant's motion for a new trial made upon the minutes.

*James L. Quackenbush* [*B. H. Ames* of counsel; *Albert L. Wilbur* with him on the brief], for the appellant.

*Thomas J. O'Neill* [*Benjamin W. Moore* of counsel; *Leonard F. Fish* with him on the brief], for the respondents.

SMITH, J.:

The plaintiff Mary F. Commerford, her only witness to the happening of the accident, swears that she went down to the subway station on Fourteenth street to take a train north. She allowed one train to go by which was scheduled for the east side and which she did not wish. Her accident happened while she was attempting to board the second train, by her foot slipping between the station platform and the car and her being thrown down upon the platform of the car. In this she claims to have suffered serious injury for which this judgment has been rendered. I am unable to see that there is any negligence whatever shown on the part of the defendant. There is no attempted evidence as to how far the platform of the car was from the station platform or that it was any unusual distance. The ordinary distance, it was stated upon the argument, is three and one-half inches. That would have been sufficient for her to have caught her foot so as to be thrown upon the car platform and receive her injuries thereby. Nevertheless, that alone cannot be held to be negligence and, in fact, there was no evidence that there was even that distance. The only possible indication of the distance between the platform of the station and the platform of the car is that in some way she caught her foot in that space. It may have been simply her toe, and she was thrown forward, so that the defendant is not shown to have been guilty of negligence in the construction of the platform of the cars.

Nor is the defendant shown guilty of negligence in allowing this place to be overcrowded. She testifies that there was quite a crowd there and afterwards she uses the expression that there was a crowd there. When the train came she went along with the crowd to get onto the train, but she does not swear that she was pushed along or that there was a great crowd, or that the crowd was swaying or surging or in

any way obstructed her or caused her to fall. It seems to me that the evidence falls very far short under the authorities of showing any negligence in regard to the space of the platform or in regard to its being overcrowded. There is claimed negligence, however, in not having sufficient guards there, but if the station platform was not overcrowded, certainly no guards would be necessary, so that even if defendant did not have a single guard there, there could be no negligence in that respect which in any way contributed to the accident. This accident happened between five and six o'clock at night and undoubtedly there was some crowd there. Until, however, it is shown that that crowd was so great as to prevent her free action, it cannot be held that that was a contributing cause of her accident. For the failure to prove negligence, therefore, I think the judgments should be reversed and the complaints dismissed.

The judgments should be reversed, with costs, and the complaints dismissed, with costs.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

In each case: Judgment and order reversed, with costs, and complaint dismissed, with costs.