MARTHA ARNOLD, Appellant, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.— Order granting defendant's motion for judgment dismissing the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and the judgment entered thereon, unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.

HELEN IRENE ZEHNER HANSHEW, Appellant, v. LEHIGH VALLEY RAILROAD COMPANY and Another, Respondents.—Action for personal injuries. The complaint alleges that plaintiff purchased a ticket from defendant Lehigh Valley Railroad Company in the Pennsylvania Station, New York city, for the purpose of proceeding on the Black Diamond Express to Easton, Penn. When she was admitted to the train platform, the doors of the train were closed and the cars dark. About three minutes before the scheduled time for the departure of the train, an employee of defendant Lehigh Valley Railroad Company went through the train putting on the lights in the cars and opening the rear doors only of each car. When said employee reached the front end door of the car at which plaintiff was standing, he passed it by and failed to open it. Immediately thereafter the crowd in which plaintiff was standing made a rush toward the rear door of said car, which had been opened, throwing plaintiff to the stone platform upon which she was standing, with the result that her right leg was broken. Judgment dismissing the complaint at the close of plaintiff's case unanimously affirmed. No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.

ANNA ROONEY, Appellant, v. MARY S. WITHERBEE and Others, Respondents.—Action for personal injuries. Plaintiff lived in a house owned by defendants at 157 East Eighty-ninth street, Manhattan. On January 10, 1932, about seven A. M., as she was going out of the house, she found the stoop or steps, leading from the house to the street, to be in an icy condition, causing her to fall on the steps. The trial court granted defendants' motion to set aside the verdict of the jury in favor of plaintiff for $8,500 and to dismiss the complaint. Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.

CONSOLIDATED LAUNDRIES CORPORATION, Appellant, v. CASHMAN LAUNDRY CORPORATION and Others, Respondents.— Order granting defendants' motion for an additional allowance in the sum of $2,000 in addition to the taxable costs allowed by statute, and the judgment, in so far as it adjudges that defendants recover of the plaintiff said sum, reversed, and the motion denied, on the ground that the action was not extraordinary and difficult within the meaning of section 1513 of the Civil Practice Act, nor did the defendants establish " the value of the subject matter involved." Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.; Dore and Cohn, JJ., dissent and vote for affirmance.