LORETTA WILLIAMS, Respondent, *v.* NEW YORK RAPID TRANSIT CORPORATION, Appellant.

(Argued December 2, 1936; decided December 31, 1936.)

*Frederick S. Martyn* and *George D. Yeomans* for appellant.

*Leo J. Hickey* for respondent.

O'BRIEN, J.   In this action for personal injury plaintiff obtained a verdict which the trial justice set aside and the complaint was dismissed.   By a divided court the Appellate Division reversed and reinstated the verdict.

While plaintiff was waiting on one of defendant's station platforms for the purpose of boarding a train, some unknown person coming in contact with another passenger, Proschold, threw him off his balance and he in turn collided with plaintiff.   The force of this collision caused plaintiff to fall from the platform onto the track and she was seriously injured.

The complaint, supplemented by the bill of particulars, is based upon allegations that the crowd on the platform was very large and the platform was taxed to capacity, that defendant failed to provide an adequate force of guards to control the crowds, failed to provide adequate platform space to accommodate its passengers and permitted the platform to become obstructed with structures.

This platform on defendant's elevated structure has tracks on both sides. It is reached by a stairway and approximately twenty or twenty-five feet from the stairway is a newsstand erected in the middle of the platform. On each side of the newsstand between it and the edge of the platform is a space six feet in width. Between the staircase and the newsstand, some standing, others moving, were waiting passengers to the number of twenty-five or thirty. Many of them were huddled around the newsstand to seek protection from a cold wind. The number of persons on that side of the newsstand where plaintiff was injured does not appear. Plaintiff walked down the platform from the staircase toward the newsstand and in passing through the six-foot space between the left side of the newsstand and the edge of the platform she was pushed over the edge. At that time Proschold was standing within this six-foot space about a foot and a half or two feet from the edge of the platform with his back to the staircase, his right side toward the newsstand and his left side toward the track. Some one squeezed between his right side and the newsstand, he was thrown off his balance and he brushed against and overthrew plaintiff who was then attempting to pass through the two-foot space between him and the edge of the platform.

On these facts the Appellate Division has held that there exists a question for the jury whether defendant could fairly and reasonably have anticipated any danger to plaintiff. The questions of law are whether the conceded facts warrant an inference of negligence by defend-

ant and whether any acts or omissions by defendant constitute a proximate cause of plaintiff's injury.

The existence of the newsstand does not constitute an unlawful obstruction. It offers a convenience to passengers. A space no greater than six feet in width between the newsstand and the edge of the platform is usual on many railway stations. Common observation proves this fact. If this form of construction is negligent, then hundreds, perhaps thousands, of railway stations must be rebuilt. This passageway was not obstructed. Other passengers that day had passed through it in safety. Defendant's guard, then present, was under no duty to drive his employer's patrons from the shelter of this newsstand which afforded protection from the cold December wind. Plaintiff's unfortunate injury resulted from the act of some unknown passenger. This is not the case of an excessive crowding of a platform. This one is capable of accommodating a hundred or more passengers. Nor is it a case of failure to repress a boisterous or unruly aggregation of passengers. Conditions were in all respects normal. Defendant could not fairly and reasonably anticipate the awkwardness of the passenger who caused plaintiff's injury.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

FINCH, J. (dissenting). The facts shown by this record raise an issue of fact for the jury as to whether the defendant was negligent. It is uncontroverted that the building of the newsstand crowded this platform, comparatively narrow at best, and left a space of only six feet as a passageway for those boarding and leaving the trains. In this narrow passageway fifteen to twenty-five passengers were standing and waiting. True it is that the entire platform could accommodate one hundred or more persons. True it may be also that the building of the

newsstand did not in itself constitute negligence. But the congregation of fifteen to twenty-five people in a passageway six feet wide might well result in an obstruction dangerous to any one attempting to board or leave the defendant's trains. The record contains evidence that within this passageway a crowded condition existed. Under such circumstances it was for the jury to say whether it was negligent for the guard on duty to make no attempt to eliminate the dangerous condition by clearing the obstructed passageway, even if it involved more exposure to the weather for some of the waiting passengers. (*Bacon* v. *Hudson & Manhattan R. R. Co.*, 154 App. Div. 742.)

There is no evidence that the unknown who pushed Proschold into the plaintiff was in any way awkward, and even if there were such proof the jury might well find that it was the dangerous condition of the passageway which actually caused or contributed to the injury of the plaintiff.

The argument is made that other passengers had boarded the trains by using the passageway and had not been injured. The mere fact that others were more fortunate or that the plaintiff was the first to suffer as the result of the crowded passageway should not bar her recovery. In this connection it is interesting to note, however, that the record discloses that ten similar accidents had occurred on this very platform within a period of seven months immediately preceding the plaintiff's injury.

The judgment of the Appellate Division should be affirmed.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH and LOUGHRAN, JJ., concur with O'BRIEN, J.; FINCH, J., dissents in opinion.

Judgment accordingly.