FRANCIS G. CROSS, Respondent, v. THOMAS E. MURRAY, as Receiver of Interborough Rapid Transit Company, Appellant.— In an action to recover damages for personal injuries, the complaint alleges that the defendant was negligent in permitting a subway platform to become overcrowded, by reason of which plaintiff was forced off the platform to the train rails and was run over by an express train. Judgment entered on the verdict of a jury in favor of plaintiff reversed on the law and the facts and a new trial granted, costs to abide the event. Plaintiff's proof was insufficient to raise a question as to whether or not the platform was excessively crowded. A subway company is not negligent merely because it permits crowds to gather on its platform. Before proof of negligence in this regard may be said to exist, it must be shown that the crowd was so large and unmanaged that a user of the platform was restricted in his free movements or was unable to find a safe standing place, and that as a result of either of those conditions an injury was sustained. Plaintiff's evidence fell far short of such proof, and the issue of overcrowding should not have been submitted to the jury. (*Williams* v. *New York Rapid Transit Corp.*, 272 N. Y. 366; *Commerford* v. *Interborough Rapid Transit Co.*, 199 App. Div. 852; *McKinney* v. *N. Y. Consolidated R. R. Co.*, 230 N. Y. 194; *Hanshew* v. *Lehigh Valley R. R. Co.*, 247 App. Div. 784; *Verdini* v. *Interborough*

*Rapid Transit Co.*, 192 id. 379.) On the evidence adduced the case should have been submitted to the jury on the sole issue of whether or not the motorman, who admittedly saw the plaintiff on the tracks, acted with reasonable prudence under the circumstances. In any event, on this record, it is against the weight of the evidence to find that defendant was negligent either in permitting dangerous overcrowding of the platform or that the motorman did not act with reasonable prudence to stop the train. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.