HANNAH M. STERN, Respondent, v. CITY OF NEW YORK, Appellant.— In this action to recover damages for personal injuries sustained on a subway platform, defendant appeals from a judgment entered on a jury's verdict in favor of the plaintiff. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. The only testimony in behalf of plaintiff, an aged woman, with respect to the happening of the accident, was her own, which was in substance that she was thrown over by people pushing their way off or on a train that had stopped at the overcrowded, unguarded platform upon which she had been waiting. Defendant produced three witnesses. Two of them, women passengers who had alighted from the train, denied that there was overcrowding, and one of them, Ruth R. Stevenson, testified that plaintiff had come running from the turnstile and collided with her. The third witness, a police officer, who arrived at the scene, testified that plaintiff stated " That woman pushed me ", pointing to Mrs. Stevenson. The finding, implicit in the verdict of the jury, that the accident was caused by an overcrowded condition of the station platform is contrary to the weight of the credible evidence, which is to the effect that it resulted from plaintiff's collision with another passenger. In the latter kind of happening, there is no liability on the part of the common carrier. (*Williams* v. *New York R. T. Corp.,* 272 N. Y. 366; *Commerford* v. *Interborough R. T. Co.,* 199 App. Div. 852; *Cross* v. *Murray,* 260 App. Div. 1030.) Under the circumstances of this case, a new trial is required. (*Imbrey* v. *Prudential Ins. Co.,* 286 N. Y. 434, 441; *Kramb* v. *Fincher,* 302 N. Y. 873, 875.) Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.

■

ESTELLE SUMMERS, Respondent, v. JACK SUMMERS, Appellant.— Defendant appeals from an order denying his motion to modify the final judgment of separation by reducing the amount of support provided for the wife and child of the parties. Order reversed, without costs, and matter remitted to Special Term for the taking of oral testimony as to appellant's present ability to comply with the terms of the judgment. Notwithstanding that appellant's past maneuvers to obtain a reduction in alimony do not commend him to the favor of the court, the papers are sufficient to raise an issue as to his present financial situation and ability to comply with the terms of the judgment. The issues cannot be adequately determined upon the affidavits. Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.