Jean PILCH and Stanley Pilch, Plaintiffs-Appellants,

v.

PENNSYLVANIA RAILROAD COMPANY, Defendant-Respondent.

No. 237, Docket 24393.

United States Court of Appeals Second Circuit.

Argued Feb. 13, 1957.

Decided June 4, 1957.

Sable & Bisgaier, New York City (Sidney Koenig, New York City, of counsel), for plaintiffs-appellants.

Conboy, Hewitt, O'Brien & Boardman, New York City (David J. Mountan, Jr., New York City, of counsel), for defendant-respondent.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

Jean Pilch brought this action against the defendant railroad for personal injuries. Her husband, Stanley Pilch, in the same complaint seeks to recover for medical expenses and for the loss of his wife's services. We have jurisdiction by virtue of the diversity of citizenship of the parties. The plaintiffs alleged negligence by the defendant in the conduct of its business on a platform in the Pennsylvania Railroad Station in New York City. A jury trial was had. Verdict was for the defendant.

Plaintiffs' claim was that Mrs. Pilch was boarding an afternoon commuter train, and as she was about to enter it she was caused to trip and fall by the pushing and crowding of other passengers. They alleged the defendant was negligent in not providing an adequate force of guards to protect against the pushing and crowding, in failing to provide adequate and sufficient lighting, and in that the platform of the train's vestibule was higher than the station platform.

Plaintiffs took no exceptions to the judge's charge to the jury, but they did except to the failure of the court to charge a written request of the plaintiffs that, with respect to overcrowding, "the jury may consider such condition as negligence on the part of the defendant."[1] This request was properly refused. Overcrowding, without more, is not *per se* negligence under the applicable New York law. Negligence is inferable if the station platform overcrowding at the time and place of the injury was foreseeable by the carrier in the exercise of reasonable foresight, and it failed to take reasonably appropriate measures to prevent the danger, Callaghan v. City of New York, 1st Dept.1954, 283 App.Div. 388, 391, 128 N.Y.S.2d 206, and see 204 Misc. 236, 125 N.Y.S.2d 796. See also Williams v. New York Rapid Transit Corp., 1936, 272 N.Y. 366, 368, 6 N.E.2d

58; Hanshew v. Lehigh Valley Railroad Co., 1st Dept.1936, 247 App.Div. 784, 286 N.Y.S. 589; Reschke v. Syracuse L. S. & N. R. Co., 1913, 155 App.Div. 48, 139 N.Y.S. 555, affirmed, 211 N.Y. 602, 105 N.E. 1097.

Plaintiffs also now claim that the verdict should be set aside and a new trial granted because the charge was confusing and unclear and the jury thereby misled, and that the verdict was against the weight of the credible testimony. We find no merit in these claims.

Affirmed.

---

1. The request was:
"That if the jury finds that the crowd around the plaintiff in the vicinity of the door to the car did not allow the plaintiff freedom of movement and access to the train, the jury may consider such condition as negligence on the part of the defendant."