■ ALFA ANGRISANI, Appellant, v. NEW YORK CENTRAL RAILROAD CORP. et al., Respondents.— Judgment appealed from is unanimously affirmed, with $50 costs to defendants-respondents. This 76-year-old plaintiff fell or was pushed to the tracks from the platform of defendant railroad on June 13, 1961, at or about the hour of 7:00 P.M. He fell into a space between two cars which was approximately three feet wide and does not know exactly what happened. On plaintiff's own testimony he failed to establish that there was an unruly or unmanageable crowd on the platform, or that plaintiff's freedom of movement was unduly restricted (*Cross* v. *Murray*, 260 App. Div. 1030; *Williams* v. *New York R. T. Corp.*, 272 N. Y. 366). The station platform which could accommodate simultaneous loading of two trains, each with a capacity of 1,000 persons, on this occasion had slightly in excess of 700 persons. There was a single loading in process of the train which plaintiff intended to board and which carried a total of 719 passengers on the evening in question. Plaintiff fell into a space or opening between the last two cars which was approximately three feet wide. He "felt pushed" to the track and does not know exactly what happened. If the accident were due to an unexpected movement of the crowd, defendants could not be held liable (*Hanshew* v. *Lehigh Val. R. R. Co.*, 247 App. Div. 784). Additionally, plaintiff urges that there was a custom and practice to station trainmen at the open door of each car to admit passengers and on this evening that custom was not observed. It does not appear that this was a standard practice or custom followed to protect passengers from falling into the open space between the ends of the two cars. So far as it appears, the trainman would be so stationed, when the train doors were opened, for the purpose of assisting passengers in boarding the train. It was the testimony of the plaintiff, however, that at the time of the accident, the doors, between which he fell, were still closed. In any event, the open space between the two cars was readily apparent to anyone who looked and there is no showing that the failure to have men stationed at the door openings, if there was such failure, caused or contributed to the happening of the accident, or even that their presence would have prevented such occurrence (*Commerford* v. *Interborough R. T. Co.*, 199 App. Div. 852). Plaintiff failed to prove any negligence on the part of these defendants, or to show that they failed to do what was reasonably necessary to assure plaintiff's safety. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.