■ LANIE ALEXOPOULOS, as Administratrix of the Estate of JOHN P. ALEXOPOULOS, Deceased, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. [838 NYS2d 50]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered February 8, 2007, which denied defendants' motion for summary judgment dismissing the complaint, unanimously

reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff's decedent was killed during the morning rush hour on March 13, 2003, when he fell off the platform and onto the subway track at the Lexington—53rd Street subway station. The cause of action for wrongful death was predicated on defendant's alleged negligence in permitting dangerous overcrowding in the station and failing to take measures to reduce the overcrowding on the platform.

Plaintiff failed to establish that the platform was so crowded on the morning of the accident as to place an undue restriction upon decedent's freedom of movement (*see Benanti v Port Auth. of N.Y. & N.J.*, 176 AD2d 549 [1991]). The uncontradicted testimony of a witness indicated that the accident was caused solely by decedent's own conduct in attempting to maneuver his way through a large but orderly crowd of subway riders who were waiting to get onto the exit escalator when he miscalculated the distance to the end of the platform and fell onto the tracks. The alleged overcrowding was not a proximate cause of the accident. Concur—Sullivan, J.P., Nardelli, Buckley, Catterson and Kavanagh, JJ.