In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order and interlocutory judgment (one paper) of the Supreme *721 Court, Queens County (Ritholtz, J.), entered May 24, 2012, as, upon a decision of the same court dated August 2, 2010, granted that branch of the motion of the defendant New York City Transit Authority which was pursuant to CPLR 4404 (a) to set aside, as excessive, a jury verdict on the issue of damages for conscious pain and suffering in the amount of $2,000,000 and ordered a new trial on the issue of damages for conscious pain and suffering, and the defendant New York City Transit Authority cross-appeals, as limited by its brief, from so much of the same order and interlocutory judgment as, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of evidence, and upon a jury verdict on the issue of liability, in effect, is in favor of the plaintiff and against it on the issue of liability.
Ordered that the order and interlocutory judgment is reversed insofar as cross-appealed from, on the law, the motion of the defendant New York City Transit Authority pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment dismissing the complaint against the defendant New York City Transit Authority; and it is further,
Ordered that the appeal is dismissed as academic in light of the determination of the cross appeal; and it is further,
Ordered that one bill of costs is awarded to the defendant New York City Transit Authority.
At approximately 9:50 a.m. on May 22, 2006, the plaintiffs decedent fell from a New York City subway platform to the track below and sustained head injuries. The decedent was taken to a nearby hospital in a state of semi-consciousness, where she underwent surgery and died. At a trial on the issue of liability, witnesses testified regarding the presence of a crowd on the subway platform at the time of this occurrence, and the role of employees of the defendant New York City Transit Authority (hereinafter the Transit Authority) in controlling crowds on the subway platform. The jury returned a verdict, inter alia finding that the Transit Authority was negligent and that its negligence was a proximate cause of the decedent’s injury.
“A subway company is not negligent merely because it permits crowds to gather on its platform. Before proof of negligence in this regard may be said to exist, it must be shown that the crowd was so large and unmanaged that a user of the platform was restricted in his free movements or was unable to find a safe standing place, and that as a result of either of those *722 conditions an injury was sustained” (Cross v Murray, 260 App Div 1030, 1030 [1940]; see Williams v New York R.T. Corp., 272 NY 366 [1936]; Alexopoulos v Metropolitan Transp. Auth., 41 AD3d 171, 172 [2007]; Ryan v City of New York, 7 AD2d 298, 299 [1959], affd 6 NY2d 896 [1959]; Stern v City of New York, 283 App Div 1101 [1954]).
Here, there is no evidence that the crowd on the subway platform was so large and unmanaged that it restricted the decedent’s freedom of movement to the extent necessary to impose liability on the Transit Authority. The evidence in the record was insufficient to make out a prima facie case of negligence against the Transit Authority and, in effect, was insufficient to establish that any negligence was a proximate cause of the decedent’s injuries (see Williams v New York R.T. Corp., 272 NY at 369; Alexopoulos v Metropolitan Transp. Auth., 41 AD3d at 172; Hsieh v New York City Tr. Auth., 216 AD2d 531 [1995]; Palermo v New York City Tr. Auth., 141 AD2d 809, 810 [1988]; Cross v Murray, 260 App Div 1030 [1940]).
Accordingly, the verdict of liability in favor of the plaintiff and against the Transit Authority must be set aside, and judgment entered in favor of the Transit Authority dismissing the complaint against it.
In light of our determination on the Transit Authority’s cross appeal, the plaintiff’s appeal must be dismissed as academic. Mastro, J.E, Austin, Sgroi and Miller, JJ., concur.