■ HUNDRED EAST CREDIT CORPORATION, Appellant, v 208 WOLF ROAD MOTOR INN, INC., Doing Business as SHERATON AIRPORT INN, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered October 11,

1983 in Albany County, which denied plaintiff's motion for an order of seizure of leased equipment in possession of defendant.

Defendant entered into an equipment lease agreement for television sets and swivels with Adco Associates, Inc. On November 24, 1980, Adco assigned and transferred to plaintiff its interest in the lease. The lease contained an acceleration clause and a clause stating that the lease was to be governed and construed according to the laws of New Jersey. The lease also contained a clause providing for defendant's repair of the units "as necessary".

Defendant made late payments on the lease on a number of occasions. On April 4, 1983, plaintiff notified defendant that it was in default and demanded payment in full pursuant to the acceleration clause. Defendant notified plaintiff's counsel on April 22, 1983 that it considered plaintiff to be in default since the televisions were not working properly and would not make any further payments. Adco had previously acknowledged that the units were defective and the delay in repairing them. Defendant eventually made payments through May of 1983. On May 10, 1983, plaintiff made a final demand for surrender of the equipment and commenced an action seeking sums due under the contract, damages for loss of investment tax credits, and possession of the equipment. Plaintiff then moved for an order of seizure pursuant to CPLR 7102 (subd [d]), which motion was denied by Special Term without prejudice to plaintiff in the event of a future default by defendant. Special Term held that defendant had made all required payments under the lease, even though late, and that no money was presently owing unless the lease be deemed accelerated.

Plaintiff contends on this appeal that Special Term erred in not applying New Jersey law which permits acceptance of partial payments without waiving the right to accelerate the debt.

For plaintiff to prevail in the remedy sought, plaintiff must show the likelihood of success in the action (CPLR 7102, subd [d]; Siegel, NY Prac, § 339, p 414). Plaintiff needs to establish a superior possessory right to the chattels in order to prevail under CPLR article 71 (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7101:1, p 170). Plaintiff urges that it will prevail under New Jersey law because New Jersey law does not vitiate the vitality of the acceleration clause despite plaintiff's acceptance of late payments from defendant. Defendant contends, on the other hand, that under a conflict of law analysis, New York State has a greater interest in the lease transaction because New York has more significant contacts with the lease and that New York law is applicable.

According to defendant's analysis, plaintiff will not prevail in the action because its acceptance of late payments constitutes a waiver of the acceleration clause.

At this juncture, it cannot be said that plaintiff has met its burden of proof on entitlement to the relief sought. We conclude that Special Term was therefore correct in denying the motion. The relief fashioned by Special Term assures that the chattels will remain secure until the legal issue is resolved by trial.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.