■ GOLDOME, Appellant, v ROBERT A. BONUCH et al., Respon-

dents.—In an action, *inter alia,* for a declaratory judgment, plaintiff appeals from an order of the Supreme Court, Nassau County (Ain, J.), entered January 8, 1985, which (1) denied plaintiff's motion for a preliminary injunction, and (2) on a cross motion by defendants Bonuch, Anderman, Roberts and Grabel, doing business as Centre Manhasset Co., granted summary judgment to them dismissing the complaint.

Order affirmed, with costs, and matter remitted to Special Term for the entry of an appropriate judgment declaring the rights of the parties and dismissing the causes of action of injunctive relief in accordance herewith (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

Upon review of the record, we agree with Special Term that plaintiff has failed to demonstrate an express agreement by which it was released as lessee by the landlord from the covenant in the lease to pay rent, or any facts from which such agreement can be implied (*see, Halbe v Adams,* 172 App Div 186, 189; *Iorio v Superior Sound,* 49 AD2d 1008). Accordingly, despite its assignment of the lease with the consent of the landlord, plaintiff's obligations and liabilities for the payment of rent under the lease were not extinguished.

On the argument of this appeal, the parties agreed that plaintiff is entitled to participate in the so-called "arbitration and/or appraisal" process to determine the rent increases payable under the lease.

In view of this disposition, we need not, at this time, address plaintiff's final contention that the lease be considered an encumbrance for the purpose of evaluating the property in connection with the aforementioned "arbitration and/or appraisal" process. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.