■ CURTIS AVERY, JR., Respondent, v ROCKWELL INTERNATIONAL CORPORATION et al., Appellants. [612 NYS2d 730] —Order unanimously affirmed without costs. Memorandum: While plaintiff was working as a pressman, his hand was drawn into a page folder on a printing press and two of his fingers were amputated. Plaintiff brought this action against defendants, alleging that the page folder was manufactured and placed on the market by them, and asserting causes of action in negligence and products liability. In his bill of particulars, plaintiff stated that the printing press malfunctioned when a metal clamp, used to secure a guard in place, failed, and that defendants' negligence included "failing and omitting to properly and adequately ensure that the subject machine's clamp, which secured the guard, was firmly mounted". One month before the scheduled trial date, plaintiff served upon defendants information statements of the two experts he intended to call at trial. The statements indicated that the experts would testify, *inter alia,* that the machine's clamp became disengaged from the guard due to an "inadequate weld". Defendants moved for summary judgment and to strike plaintiff's expert information statements as a dilatory attempt on the "eve of trial" to introduce a design and manufacturing defect not previously alleged. Plaintiff cross-moved to amend his bill of particulars in accordance with his experts' statements as a "precautionary measure".

Although amendment was unnecessary, Supreme Court did not err in granting the motion to amend plaintiff's bill of particulars. The bill of particulars had already advised defendants of plaintiff's claim that the clamp securing the guard had failed and was not securely mounted. There was no material variance between the bill of particulars and the experts' opinions. It was not necessary for the bill of particulars to set forth the precise manner in which the clamp failed. "The purpose of a bill of particulars is to amplify the pleadings; it is not a discovery device" (*Sager v Rochester Gen. Hosp.,* 170 AD2d 949). Moreover, because plaintiff did not seek to add a new theory in amending his bill of particulars, there was no prejudice to defendants in permitting such amendment (*cf., Reynolds v Towne Corp.,* 132 AD2d 952; *Santorelli v New York City Tr. Auth.,* 121 AD2d 527; *Raies v Apple Annie's Rest.,* 115 AD2d 599). For the same reasons, Supreme Court properly denied defendants' motion to strike plaintiff's expert information statements. The clamp's failure had already been

alleged in the bill of particulars, and the statements merely explained why the clamp had failed.

Because defendants failed to meet their burden of making a prima facie showing of entitlement to judgment as a matter of law, Supreme Court properly denied their motion for summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.