■ MARY A. WRIGHT, Appellant, v SOUTH NASSAU COMMUNITIES HOSPITAL, Respondent. [678 NYS2d 636] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated August 1, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff fell after she stepped off of the curb in the parking lot of the defendant South Nassau Communities Hospital (hereinafter the Hospital). In her complaint and in the bill of particulars, the sole claim was that the hospital had negligently maintained the parking lot by failing to clean debris upon which the plaintiff allegedly slipped. It was this negligence claim that the Hospital addressed in its motion for summary judgment, submitting the deposition testimony of the plaintiff and those of her family members who witnessed the accident, as well as the testimony of the Hospital's Director of Safety and Security. Contrary to our dissenting colleague's conclusion, such evidence supported the Supreme Court's determination that the defendant made out a prima facie case that it was not negligent as a matter of law, since the evidence indicated that the Hospital did not have actual or constructive notice of a potentially defective condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836), and the Hospital did not breach a duty of care (*see, Gallagher v St. Raymond's R.C. Church,* 21 NY2d 554, 557; *cf., Kurth v Wallkill Assocs.,* 132 AD2d 529). Furthermore, the plaintiff's own testimony that she did not know what had caused the accident supports a

finding that, as a matter of law, the allegedly defective condition was not a proximate cause of the plaintiff's accident (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Thus, the burden shifted to the plaintiff to establish a triable issue of fact.

For the first time in his opposing affirmation, the plaintiff's counsel raised the question of whether the lighting in the area where the plaintiff fell was adequate. While the deposition testimony in the record indicates that the plaintiff and most of her family members recalled that it was dark in the parking lot, they could not recall whether there were lighting fixtures in the immediate area. Furthermore, the bare, conclusory statement by the plaintiff's husband, who was not present at the time of the accident, that he believed the lighting to be inadequate was insufficient to raise a triable issue of fact in view of the detailed testimony by the Director of Safety and Security regarding the actual lighting in the parking lot (*see, Montalbano v North Shore Univ. Hosp.,* 154 AD2d 579).

In an effort to bolster the vague deposition testimony, the plaintiff submitted an opposing affidavit which was carefully tailored to create a triable issue regarding the adequacy of the lighting in the immediate area of the accident. Such a self-serving affidavit did not present sufficient evidence to sustain the plaintiff's burden to defeat summary judgment, particularly when she failed to claim in either the pleadings or her deposition that she fell because of her inability to see. To the contrary, she claimed that she was unable to say what caused her to slip and fall. Even in the opposing affidavit, where the plaintiff alleged that she stepped off the curb and then slipped on debris which caused her to fall, the plaintiff never stated that she was unable to see the curb and, as a result, she misstepped. Rather, she specifically stated that she walked carefully, stepped off of the curb and then slipped on unidentified debris. Thus, it appears that the new allegations regarding the inadequacy of the lighting were merely an attempt to avoid the consequences of earlier admissions (*see, Garvin v Rosenberg,* 204 AD2d 388; *see also, Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). Under the evidence presented in this case, therefore, there is no triable issue regarding the lighting.

*Rivas v Waldbaums Supermarket* (247 AD2d 600), cited by the dissent, is factually distinguishable, since the issue of inadequate lighting was specifically pleaded as the cause of the plaintiff's injuries, and the defendant failed to sustain its initial burden of proving entitlement to summary judgment regarding

that factual issue upon the evidence presented. Equally distinguishable is *Quinlan v Cecchini* (41 NY2d 686), in which the undisputed evidence indicated that there was a complete lack of lighting for visitors to the defendant's premises. Copertino, J. P., Santucci and Luciano, JJ., concur.

Goldstein, J., dissents and votes to reverse the order appealed from and to deny the motion for summary judgment, with the following memorandum: On January 14, 1991, at 9:45 P.M., the plaintiff was returning to her vehicle which was parked in the Emergency Room Parking Lot of the defendant South Nassau Communities Hospital when she fell and sustained injuries. She claimed she slipped on broken plastic or other foreign objects which she could not see because it was too dark.

After issue was joined, the defendant moved for summary judgment, noting that the plaintiff testified at her deposition that she could not see what caused her to fall because "[i]t was very dark". The defendant also submitted the deposition testimony of other witnesses from the plaintiff's family who confirmed that the parking lot was dark. One witness noted "it was dark and I had to look down to watch where I was walking". Thus, the issue of adequate lighting was apparent from the defendant's own motion papers.

The plaintiff, in opposition, submitted an affidavit stating that "[t]here were no light poles in the area where I was walking. I was unable to see clearly because it was dark. I noticed that there were a lot of shadows [which] made it impossible to see anything". The plaintiff's counsel noted that the defendant's Director of Safety and Security testified at his deposition that the closest light pole to where the plaintiff fell was 30 to 40 feet east of the accident site. The plaintiff also submitted deposition testimony from the plaintiff's husband, who had previously worked at the site. He testified that "the lighting in the area was poor, it had been poor when I worked there, and it is still the same".

Indeed, the defendant, in reply, did not contend that the plaintiff's failure to specifically plead inadequate lighting foreclosed consideration of that issue. Addressing the issue on the merits, it submitted the deposition testimony of its Director of Safety and Security, who testified there were "plenty of lights in that area", and, when the plaintiff's counsel showed him a photograph of the scene, claimed "it was brighter that night, okay".

The Supreme Court, in granting summary judgment, noted that the plaintiff failed to submit evidence of a violation of an

"applicable lighting standard", and failed to submit an expert affidavit.

It is well settled that since the defendant moved for summary judgment, it bore the initial burden of establishing its entitlement to judgment as a matter of law by "tendering sufficient evidence to eliminate any material issues of fact" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982, 985). If a defendant fails to meet that burden, the burden never shifts to the plaintiff, and the plaintiff has no obligation to submit any evidence, whether from an expert or a layperson (*see, Brown v Soldiers & Sailors Mem. Hosp.*, 193 AD2d 1077).

In the case of landowner liability, the defendant landowner, in order to establish its entitlement to summary judgment, must submit admissible evidence that it maintained its premises in a reasonably safe condition and that it did not have actual or constructive notice of the alleged defect or that it did not create the allegedly dangerous condition (*see, Kyung Sook Park v Caesar Chemists*, 245 AD2d 425; *Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 846). This Court has recently held that where inadequate lighting is alleged, it is the defendant's obligation on a motion for summary judgment, to "establish, as a matter of law, that it received no notice of the alleged inadequate lighting conditions or that the lighting conditions were not a proximate cause of the plaintiff's injury" (*Rivas v Waldbaums Supermarket*, 247 AD2d 600, 601). The majority contends that that decision is inapposite here because the issue of adequate light was not specifically pleaded. However, the defendant does not argue that the plaintiff was required to specifically plead that issue, either in the Supreme Court or on appeal to this Court. Nor does the law impose such a requirement (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Avery v Rockwell Intl. Corp.*, 204 AD2d 1044).

The defendant in the instant case relied upon the testimony of its Director of Safety and Security that "there were plenty of lights" where the plaintiff fell and lighting conditions were brighter at the time of the accident than conditions depicted in the plaintiff's photograph. This evidence merely established that there was an issue of fact as to the adequacy of the lighting.

In the alternative, the defendant contended that inadequate lighting was not a proximate cause of the accident, because the plaintiff claimed she slipped on something she could not see. However, lighting which is so inadequate that the plaintiff cannot see a condition which causes him or her to fall constitutes

a proximate cause of the accident (*see, Quinlan v Cecchini,* 41 NY2d 686, 688, 690).

I further note that, contrary to the determination of the Supreme Court, the plaintiff was not required to allege a building code violation in support of her claims. "[C]ommon-law negligence claims premised on the existence of a dangerous condition, of which the defendant was, or should have been, aware" were sufficient (*Wilson v Proctors Theater & Arts Ctr. & Theater,* 223 AD2d 826, 828).