■ HYACINTH GORDON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [699 NYS2d 449] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Golia, J.), dated September 11, 1998, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant New York City Transit Authority, and the action against the remaining defendant is severed.

The plaintiff was allegedly injured when she slipped and fell while exiting a bus operated by the defendant New York City Transit Authority (hereinafter the appellant). The plaintiff alleged that she fell because of a slippery substance on the steps, that the appellant had allowed the bus to become dangerously overcrowded, and that the stairwell of the bus was insufficiently lighted.

In its motion for summary judgment, the appellant made a prima facie showing of entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Contrary to the Supreme Court's decision, the plaintiff failed to raise material issues of fact in her opposition papers. The evidence indicated that the appellant did not have actual or constructive notice of a potentially dangerous condition caused by some type of slippery substance on the step (*see, Gordon v American Museum of Natural History,* 67 NY2d 836). Additionally, there is no evidence that the injuries suffered by the plaintiff resulted from any restriction on her free movement due to the alleged overcrowded conditions (*see, Palmieri v Ringling Bros. & Barnum & Bailey Combined Shows,* 237 AD2d 589; *Hsieh v New York City Tr. Auth.,* 216 AD2d 531). Furthermore, the evidence failed to establish a causal relationship between the allegedly dim lighting and the accident (*see, Reagan v Saratoga Hotel Corp.,* 18 NY2d 661; *Wright v South Nassau Communities Hosp.,* 254 AD2d 277). S. Miller, J. P., Altman, Schmidt and Smith, JJ., concur.