■ NORMA SCHMIDT et al., Respondents, v BARSTOW ASSOCI-ATES et al., Appellants, et al., Defendants. [715 NYS2d 706] —In an action to recover damages for personal injuries, etc., the defendants Barstow Associates, Richard Sokolov, Michael Spector, and Edward I. Henry, s/h/a Richard I. Henry, appeal from an order of the Supreme Court, Queens County (Golia, J.), dated November 26, 1999, which denied their motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Norma Schmidt alleged that she fell after she slipped on a moist substance on a landing in the stairwell of a building owned by the appellants. In their motion for summary judgment, the appellants made a prima facie showing of entitlement to judgment as a matter of law, since the evidence indicated that they did not create or have actual or constructive notice of a potentially dangerous condition caused by the wet substance on the landing (*see, Gordon v American Museum of Natural History,* 67 NY2d 836). Thus, the burden shifted to the plaintiffs to raise a triable issue of fact.

The affidavit of the plaintiffs' expert, that the floor of the landing where Norma Schmidt fell was more slippery when wet than the adjacent stair treads, was insufficient to raise a triable issue of fact (*see, O'Rourke v Williamson, Picket, Gross,* 260 AD2d 260; *see also, Fusilli v Caldor, Inc.,* 226 AD2d 246). The questions of whether the lighting in the area where Norma Schmidt fell was adequate or whether the height of the risers on the stairway satisfied Building Code requirements, which were raised for the first time by the plaintiffs' counsel in her opposing affirmation and supported by an expert affidavit, were insufficient to establish a causal relationship between these allegedly defective conditions and the accident (*see, Reagan v Saratoga Hotel Corp.,* 18 NY2d 661; *Gordon v New York City Tr. Auth.,* 267 AD2d 201; *Wright v South Nassau Communities Hosp.,* 254 AD2d 277). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.