■ RICHARD A. COLE, M.D., et al., Appellants, v SHARON DELCAMP et al., Respondents. (Appeal No. 1.) [732 NYS2d 187] —Order unanimously reversed on the law without costs, motion granted, order of dismissal vacated and action reinstated. Memorandum: Plaintiff Richard A. Cole, M.D. treated defendant Sharon Delcamp from August 8, 1990 to October 19, 1992 and thereafter commenced this action *pro se*, seeking payment for unpaid medical bills in the amount of $15,888.26. Pretrial

conferences were held on August 31, 2000 and September 12, 2000. At the second conference, Supreme Court asked Cole to consider a summary jury trial, and defendants indicated their intent to make a further summary judgment motion. On September 13, 2000, a pretrial notice scheduling a third pretrial conference for October 13, 2000 was allegedly mailed to Cole and defendants. The court dismissed the action based upon Cole's failure to appear at the third pretrial conference while noting, in addition, Cole's failure to file a note of issue pursuant to the court's scheduling order.

The court improvidently exercised its discretion in denying Cole's motion to vacate the order dismissing the action. Cole acknowledges that he received materials dated September 13, 2000 regarding summary jury trial procedures but states that he did not appear at the third pretrial conference because he did not receive notice of it. We conclude that Cole demonstrated a reasonable excuse for his default and a meritorious cause of action (*see,* CPLR 5015 [a] [1]; *Kolajo v City of New York,* 248 AD2d 512; *cf., Johnson v McFadden Ford,* 278 AD2d 907). Even assuming, arguendo, that Cole received notice of the conference, we conclude that, "absent willfulness on the part of [Cole], lost or misplaced mail can serve as a reasonable excuse" for his failure to appear at the conference (*Hann v Morrison,* 247 AD2d 706, 707). Furthermore, Cole had appeared telephonically at the two previous pretrial conferences, had engaged in settlement discussions with defendants' attorney and was reviewing materials regarding a summary jury trial. That conduct does not constitute "a pattern of inexcusable neglect" to warrant dismissal of this action (*Zapell v Mecca,* 190 AD2d 791, 792). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Vacate Order.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.