SECOND DEPARTMENT, MARCH, 2002

(March 4, 2002)

■ ABSOLUTE FINANCIAL SERVICES, L.L.C., Appellant, v 535 BROADHOLLOW REALTY, L.L.C., et al., Respondents. [739 NYS2d 401] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated January 26, 2001, which denied its motion, in effect, for leave to reargue a prior application for summary judgment against the defendant 535 Broadhollow Realty, L.L.C., and to vacate an order of the same court dated October 6, 1999, which granted the motion of the defendant Ted Doukas for summary judgment dismissing the complaint insofar as asserted against him, upon the plaintiff's default in opposing the motion.

Ordered that the appeal from so much of the order dated January 26, 2001, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs

or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 26, 2001, is reversed insofar as reviewed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was to vacate the order dated October 6, 1999, is granted, that order is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the motion of the defendant Ted Doukas, after the plaintiff is afforded the opportunity to serve and file opposition papers; and it is further,

Ordered that the plaintiff's time to serve and file opposition papers is extended until 20 days after service upon it of a copy of this decision and order.

The branch of the plaintiff's motion which was denominated as one for leave to renew a prior motion was not based on new facts which were unavailable at the time of the original motion. Therefore, the motion was actually one to reargue, the denial of which is not appealable (*see, Duffy v Wetzler,* 260 AD2d 596, 597; *SantaMaria v Schwartz,* 238 AD2d 569).

The branch of the plaintiff's motion which was to vacate the order dated October 6, 1999, granting the motion of the defendant Ted Doukas for summary judgment dismissing the complaint insofar as asserted against him, should have been granted. Pursuant to CPLR 5015 (a), the plaintiff established both a reasonable excuse for its default in opposing the motion (*see, Cole v Delcamp,* 288 AD2d 850; *see also, Krebs v Cabrera,* 250 AD2d 736), and a meritorious cause of action against Ted Doukas. In the order dated October 6, 1999, the Supreme Court ruled, on the merits, that Ted Doukas, who guaranteed the obligations in the leases in question, was no longer liable. The basis for that finding was that "on or about August 14, 1998, an assumption of the leases was executed and George Doukas and Diane Kokoris were substituted for defendant Ted Doukas, as personal guarantors." The plaintiff asserted that it never consented to the assignment of the personal guarantee. The obligor under a contract cannot assign obligations under the contract without the consent of the obligee (*see, Toroy Realty Corp. v Ronka Realty Corp.,* 113 AD2d 882, 883; *Goldome v Bonuch,* 112 AD2d 1025; *Iorio v Superior Sound,* 49 AD2d 1008; *Halbe v Adams,* 172 App Div 186). In view of the foregoing, the plaintiff is entitled to vacatur of the order dated October 6, 1999, and an opportunity to oppose the motion of the defendant Ted Doukas for summary judgment. Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.