JOSEPH GANAPOLSKY, Respondent, v BARNES & NOBLE, Appellant. [747 NYS2d 391]

The plaintiff was bumped from behind by an unknown third party and fell at the defendant's book store approximately 45 minutes before a book signing event. The plaintiff contends that the defendant was negligent in managing the crowd at the book signing.

The defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Contrary to the Supreme Court's determination, the plaintiff failed to raise a triable issue of fact in his opposition papers. There is no evidence that the plaintiff's freedom of movement was unduly restricted by the crowd or that the crowd was unruly and unmanageable to the extent necessary to impose liability on the defendant (*see Gordon v New York City Tr. Auth.,* 267 AD2d 201; *Palmieri v Ringling Bros.,* 237 AD2d 589; *Hsieh v New York City Tr. Auth.,* 216 AD2d 531; *Palermo v New York City Tr. Auth.,* 141 AD2d 809). Consequently, the defendant's motion for summary judgment dismissing the complaint should

have been granted. Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.