■ MATTHEW TSAVALOS et al., Appellants, v N.P.E. RESTAURANT CORP. et al., Respondents. [778 NYS2d 292]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated March 27, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiffs to submit admissible evidence establishing a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In opposition to the defendants' motion, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the defendants created or had notice of the alleged hazardous condition that caused the decedent to fall (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Winegrad v New York Univ. Med. Ctr., supra*; *Schmidt v Barstow Assoc.*, 276 AD2d 784 [2000]; *O'Rourke v Williamson, Picket, Gross*, 260 AD2d 260 [1999]).

We note that the plaintiffs' brief refers to a subsequent order, dated June 28, 2001 denying the plaintiffs' motion denominated as one for leave to renew but which was actually one for leave to reargue. Because the motion was not based upon new facts which were unavailable at the time of the original motion, it was, in fact, a motion for leave to reargue. Therefore, the appeal from the order dated March 27, 2001, does not bring up for review the order dated June 28, 2001, denying the motion, in effect, for leave to reargue (*see* CPLR 5517; *see also Absolute Fin. Servs. v 535 Broadhollow Realty*, 292 AD2d 327 [2002]; *Sallusti v Jones*, 273 AD2d 293 [2000]; *Bossio v Fiorillo*, 222 AD2d 476 [1995]). Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.