■ Susan McClive, Respondent, v USTA National Tennis Center Incorporated et al., Appellants. [2 NYS3d 158]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Lane, J.), entered April 28, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On September 2, 2011, the plaintiff, after attending the U.S. Open tennis tournament in Flushing Meadows, Queens, exited a gate and was walking to her car when someone shoved her from the left side, causing her to stumble to the right and fall on a nearby curb. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained, asserting that the accident site was very crowded and inadequately lit.

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), the plaintiff failed to raise a triable issue of fact that her freedom of movement was unduly restricted by the crowd or that the crowd was unruly and unmanageable to the extent necessary to impose liability upon the defendants (*see Ganapolsky v Barnes & Noble*, 297 AD2d 702 [2002]; *Palermo v New York City Tr. Auth.*, 141 AD2d 809 [1988]). Additionally, she failed to raise a triable issue of fact as to whether the alleged inadequate lighting condition proximately caused her to fall (*see Curran v Esposito*, 308 AD2d 428 [2003]; *Gordon v New York City Tr. Auth.*, 267 AD2d 201 [1999]; *Wright v South Nassau Communities Hosp.*, 254 AD2d 277 [1998]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.