In an action to recover damages for breach of contract, the defendants Beckie Realty Co. and Dennis Ratner appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated October 8, 2013, as granted the plaintiff’s motion for summary judgment on the third cause of action insofar as asserted against the defendant Beckie Realty Co.
Ordered that the appeal by the defendant Dennis Ratner is dismissed, as he is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,
Ordered that the order is affirmed insofar as appealed from by the defendant Beckie Realty Co.; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
An assignment of a lease by the lessee does not release the lessee of its obligations under the assigned lease absent an express agreement to that effect or one that can be implied from facts other than the lessor’s mere consent to the assignment and its acceptance of rent from the assignee (see Absolute Fin. Servs. v 535 Broadhollow Realty, 292 AD2d 327, 328 [2002]; Mandel v Fischer, 205 AD2d 375, 376 [1994]; 185 Madison Assoc. v Ryan, 174 AD2d 461 [1991]; Goldome v Bonuch, 112 AD2d 1025, 1026 [1985]). Here, the plaintiff lessor established its entitlement to judgment as a matter of law on its third cause of action, which alleged breach of contract based on a failure to procure insurance, through the submission of, among other things, the lease, the lease assignment, documents relating to an insurance policy issued by the defendant Evanston Insurance Company, and the pleadings. In opposition, the defendant lessee, Beckie Realty Co. (hereinafter Beckie), failed to raise a triable issue of fact as to the existence of an express agreement, or as to any facts from which such an agreement could be implied, by which it was released from its obligation to procure insurance in accordance with the subject *761 lease with the plaintiff (see WorldCom, Inc. v Prepay USA Telecom, Corp., 294 AD2d 157, 158 [2002]; see also Goldome v Bonuch, 112 AD2d at 1025).
Beckie’s remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiff’s motion for summary judgment on the third cause of action insofar as asserted against Beckie.
Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.