JULIA D. RYAN, Respondent, *v.* CITY OF NEW YORK, Appellant.

First Department, February 24, 1959.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for appellant.

*Philip J. O'Brien* of counsel (*John G. Coleman* with him on the brief; *Jack J. Yelin,* attorney), for respondent.

*Per Curiam.* Plaintiff sustained personal injuries on the morning of January 23, 1953, when she was pushed by an unidentified third person while going through a turnstile of the Van Cortlandt Park Subway station at 242nd Street and Broadway, Bronx. Upon a trial, a jury awarded plaintiff damages in the sum of $25,000. Upon stipulation, plaintiff consented to a reduction of the verdict to $17,500.

Plaintiff's cause of action was predicated upon defendant's claimed negligence in permitting large crowds of persons to congregate in and about its subway station and in failing to take precautions to restrain such crowds and in failing to employ and furnish sufficient guards.

In *Cross* v. *Murray* (260 App. Div. 1030) the court said: "A subway company is not negligent merely because it permits crowds to gather on its platform. Before proof of negligence in this regard may be said to exist, it must be shown that the crowd was so large and unmanaged that a user of the platform was restricted in his free movements or was unable to find a safe standing place, and that as a result of either of those conditions an injury was sustained."

Plaintiff failed to establish that the platform was so crowded on the morning of the accident as to place an undue restriction upon her freedom of motion. There is no testimony that plaintiff was prevented from reaching the turnstile. In fact, plaintiff's own description of the accident shows conclusively that it was caused solely by the intervening act of an unidentified third person who collided with her.

The factual situation is analogous to that in *Cejka* v. *Macy & Co.* (3 A D 2d 535, 536, affd. 4 N Y 2d 785) where this court dismissed a complaint because there was no evidence that congestion around a revolving door had caused the accident but rather "the inconsiderate and unexpected conduct of another patron." (See, also, *Stern* v. *City of New York,* 283 App. Div. 1101.)

Viewed in its most favorable light, the proof showed that the plaintiff's injuries were caused by the carelessness of a third person in not giving plaintiff an opportunity to clear the turnstile. The alleged overcrowding was not a proximate cause of the accident.

The judgment should be reversed on the law and the facts, and the complaint dismissed, with costs to appellant.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and BERGAN, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts, with costs to the appellant, and judgment is directed to be entered in favor of the defendant dismissing the complaint, with costs.