■ LEONARDA PALERMO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated January 20, 1987, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

Owing to a cave-in, the defendant the New York City Transit Authority (hereinafter the TA) discontinued service on its "E" line, and required that all its passengers disembark from the train at one particular station. The passengers, including the plaintiff, were given bus transfer tickets and instructed to ascend to the street level to wait for a bus. When the bus arrived, the plaintiff was pushed on her left side by an unidentified person causing her to fall and fracture her hip. The plaintiff maintains that the defendant was negligent in causing a crowd to assemble, in not controlling the crowd and in not summoning the police to assist in supervising and controlling it. We disagree.

The dispensing of police manpower by the TA is a governmental function and the TA is, absent facts establishing a special relationship between it and an injured person, immune from liability premised on its alleged failure to provide adequate police protection (see, *Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175). No facts exist in this case upon which to premise a finding that a special relationship existed.

As to the allegation that the TA created an overcrowded condition, the plaintiff testified at her examination before trial that she believed that only one person was standing in front of her at the time of the accident and that her friend, who was standing next to her, was not pushed. Moreover, all the other displaced passengers were able to board the bus without incident. There was no evidence that the plaintiff's freedom of movement was unduly restricted nor was it demonstrated that she was unable to find a safe place to stand. Therefore, the plaintiff failed to make out a claim that the crowd was large and unmanageable to the extent necessary to impose liability on the TA (see, *Williams v New York R. T. Corp.*, 272 NY 366). Under these circumstances, the TA cannot be held liable for the careless actions of a third person (see, *McIvor v New York, New Haven & Hartford R. R. Co.*, 10 AD2d 961; *Ryan v City of New York*, 7 AD2d 298, *affd* 6 NY2d 896). Accordingly, the court properly dismissed the plaintiff's complaint. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.