■ PAUL N. BENDAT, Appellant, v PREMIER BROADCAST GROUP, INC., et al., Respondents.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered November 27, 1990 in Albany County, which, *inter alia,* denied plaintiff's motion for a preliminary injunction.

Plaintiff and defendant Premier Broadcast Group, Inc. executed an asset purchase agreement pursuant to which plaintiff agreed to buy four radio stations from Premier. After protracted negotiations, the parties finally closed the deal on June 28, 1990. Prior to and on the day of closing, Premier removed certain records from the radio stations and deleted computerized information from the stations' computer hard disk drives. Although plaintiff requested the return of these

documents and data, Premier refused to comply.[1] It argued that the information sought pertained to other radio stations unrelated to the parties' transaction, or was tax information which, because it might be required in an audit, was specifically excluded from the sale.[2]

Thereafter, plaintiff commenced this breach of contract and replevin action, and by order to show cause, obtained a temporary restraining order enjoining defendants from destroying or transferring the radio stations' assertedly misappropriated business records. Plaintiff moved for a preliminary injunction and an order of seizure. Defendants opposed the motion and, virtually simultaneously with the interposition of their amended answer, cross-moved on a counterclaim for the return of $127,271.10 of accounts receivable proceeds, which plaintiff was alleged to be wrongfully withholding. In answering papers, plaintiff maintained that the legally cognizable defense of equitable recoupment legitimatized his retention of the money until the lawsuit was concluded. Finding that the contract was ambiguous and that plaintiff had failed to establish a setoff, Supreme Court denied plaintiff's motion and granted defendants' cross motion. Plaintiff appeals; we reverse.

Because defendants view the documents sought as "internal accounting and banking statements" and not "customer lists, sales records, logs, journals [or] license applications which are used or useful in the operation of the Stations", records which defendants had contracted to sell to the plaintiff, they claim that plaintiff did not acquire them under the agreement. Plaintiff contends, in contrast, that section 4 (b) of the asset purchase agreement obligated Premier to "deliver to [plaintiff] at the Closing originals or copies of all of [Premier's] books and *other data relating to the operation of the Stations"* (emphasis supplied), and that this language embraces the records defendants usurped. Significantly, the parties do not suggest that the contract's language is ambiguous nor have they presented extrinsic evidence to support their respective

1. Defendants indicate that since this suit was initiated, many of the documents have gratuitously been turned over to plaintiff. Plaintiff acknowledges that some of the information has been provided, but not all that was requested. To the extent that some documents have been retained, this action remains viable.

2. As to this latter assertion, it suffices to note that the agreement specifically requires Premier to "make available to [plaintiff] for photocopying, any such excluded [tax information] items which are used or useful in the operation of the Stations".

versions of its meaning. In this legal posture, interpretation of the agreement is a matter of law for court resolution (see, *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554; *see also, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, *affd* 78 NY2d 944).

Giving due consideration to the purpose underlying the contract (see, *Matter of Cromwell Towers Redevelopment Co. v City of Yonkers,* 41 NY2d 1, 6), the sale of four functioning radio stations, we agree with plaintiff that all documents useful for maintaining these stations' operations were intended to be transferred. Defendants did not controvert plaintiff's affidavits from the stations' four managers that the requested documents were "used and useful in the daily operations of the stations"; the managers also cogently averred that "[w]ithout these records [they could not] operate the Stations in a manner consistent with the operations as they previously existed". Inasmuch as plaintiff established that he had a superior possessory right to the chattels (see, *Hundred E. Credit Corp. v 208 Wolf Rd. Motor Inn,* 105 AD2d 506, 507; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 7101.03) or, in other words, that he was likely to succeed on the merits of his claim to recover the chattel (see, *East Side Car Wash v K.R.K. Capitol,* 102 AD2d 157, 161, *appeal dismissed* 63 NY2d 770), he is entitled to an order of seizure.

As for defendants' cross motion, it is plaintiff's submission that he has a right to retain the sum necessary to compensate him for the damages he purportedly sustained as a result of Premier's breach of various representations and warranties contained in the asset purchase agreement. Notably, Premier does not contest that it breached the agreement in certain respects. It argues that the theory upon which plaintiff relied, equitable recoupment—an equitable defense arising out of the same contract or transaction which generated the complaint (*James Talcott, Inc. v Winco Sales Corp.,* 14 NY2d 227, 231; *Matter of National Cash Register Co. v Joseph,* 299 NY 200, 203; *see generally,* 84 NY Jur 2d, Pleading, § 172, at 347)—does not create a substantive right to relief; it is said to be merely a procedural construct for asserting otherwise untimely counterclaims. Our view of the recoupment defense is not so narrow.

"[R]ecoupment or setoff can be claimed, even though a counterclaim has not or cannot be filed" (84 NY Jur 2d, Pleading, § 171, at 346; *see, Constantino v State of New York,* 99 Misc 2d 362, 364-365); however, "a party must have a legally subsisting cause of action upon which it could main-

tain an independent claim" *(Telmark, Inc. v C & R Farms,* 115 AD2d 966, 967). Because plaintiff has a subsisting breach of contract cause of action, which has its provenance in the same contract as Premier's right to the withheld accounts receivable, Supreme Court erroneously ordered plaintiff to return the funds. A hearing at which all aspects of the offsetting claims can be examined must be held to ensure that a judgment rendered herein "does justice in view of the one transaction as a whole" *(Matter of National Cash Register Co. v Joseph, supra,* at 203).

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion denied, motion for an order of seizure granted and defendants are directed to return those records requested by plaintiff in its motion papers which have not yet been delivered.