■ PHILIP BENANTI et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent.—Order, Supreme Court, New York County (Beverly Cohen, J.), entered June 6, 1990, which granted defendant Port Authority of New York and New Jersey's (PA) motion for summary judgment pursuant to CPLR 3212 and dismissed the complaint, unanimously affirmed, without costs.

Plaintiffs in this personal injury action allege *inter alia* that plaintiff Philip Benanti, while walking along the arrival platform at the Port Authority Bus Terminal during morning rush hour, sustained injuries proximately caused by PA's negligence in suffering unmanaged, overcrowded conditions on its premises. The various pleadings indicate Philip Benanti disembarked from a bus and immediately merged with an ordinary crowd of workbound commuters who walked along a three to four foot-wide platform leading to an exit stairwell. Mr. Benanti, who was surrounded by commuters, yet had space of several feet to the next person in front of him, was purportedly jostled from behind and caused to fall, injuring his hip. On this record, plaintiffs' negligence claim—premised upon an overcrowding theory—is insufficiently asserted inasmuch as plaintiff has failed to show he was unable to find a place of safety or that his free movement was restricted due to the alleged overcrowded conditions. *(See, e.g., Ryan v City of New York,* 7 AD2d 298, *affd* 6 NY2d 896.) As to any remaining theories of negligence now argued by plaintiffs, they have

failed to present any proof in evidentiary form to raise triable issues of fact as to their alternative theories of liability. Concur—Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.