■ SHERMAN HSIEH, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [628 NYS2d 767] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated July 8, 1994, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff was injured while riding down an escalator at a Brooklyn subway station. The accident occurred when someone in front of the plaintiff fell and the other passengers on the escalator, including the plaintiff, also fell, one after another. The plaintiff contends that the defendant was negligent in causing and permitting a large crowd to congregate on the escalator and in failing to provide adequate supervision at the site of the accident.

With regard to the contention that the defendant created an overcrowded condition, the plaintiff testified at his examination before trial that there were only four or five people on the escalator in front of him and approximately one hundred people behind him either on or waiting to get on the escalator. There is no evidence in the record that the plaintiff's freedom of movement was unduly restricted by the crowd or that the crowd was unruly and unmanageable to the extent necessary to impose liability on the defendant *(see, Palermo v New York City Tr. Auth.,* 141 AD2d 809; *Coppersmith v City of New York,* 194 AD2d 586). Furthermore, there is nothing in the record to support the plaintiff's contention that the defendant negli-

gently failed to provide adequate supervision at the site of the accident. Under these circumstances, the defendant is not liable for the plaintiff's injuries. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.