◼ CAROLYN PALMIERI et al., Appellants, v RINGLING BROTHERS AND BARNUM AND BAILEY COMBINED SHOWS INC. et al., Respondents. [655 NYS2d 646] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated March 6, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs contend that the Supreme Court erred in granting the defendants' motion for summary judgment because issues of fact exist as to whether the defendants breached their duty to take adequate crowd control measures to protect patrons exiting Madison Square Garden after a circus performance. We disagree. Where a plaintiff's negligence claim is premised on the theory that his or her injuries were caused by overcrowding and inadequate crowd control, the plaintiff must establish that "he was unable to find a place of safety or that his free movement was restricted due to the alleged overcrowding conditions" *(Benanti v Port Auth.,* 176 AD2d 549; *see also, Hsieh v New York City Tr. Auth.,* 216 AD2d 531; *Palermo v New York City Tr. Auth.,* 141 AD2d 809). Here, the injured plaintiff was allegedly pushed from behind by an unidentified person or persons while descending a crowded

stairway leading to the exit doors. However, the injured plaintiff's examination before trial testimony indicates that a distance of three or four steps separated her from her daughter Susan, who was descending the stairway ahead of her mother. Moreover, while the injured plaintiff's daughter Mary Jo, who was standing at the injured plaintiff's side when the accident occurred, testified that people were "bumping into" her as she exited the building, Mary Jo was not pushed hard or caused to lose her balance. Under these circumstances, the Supreme Court properly found that there is no evidence that the injured plaintiff's freedom of movement was unduly restricted, or that she was unable to find a place of safety. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.