■ CAROL GREENBERG, Appellant, v STERLING DOUBLEDAY ENTERPRISES, L.P., Doing Business as NEW YORK METS, Respondent. [660 NYS2d 33] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Cowhey, J.), entered May 7, 1996, which granted the defendant's motion for summary judgment dismissing the complaint and (2) a judgment of the same court entered June 6, 1996, upon the order, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Prior to the commencement of a New York Mets baseball game at Shea Stadium on June 20, 1992, a number of Mets players made themselves available at the edge of the field to sign autographs. A crowd subsequently assembled to take advantage of this opportunity. In an alleged attempt to protect herself from the pushing and shoving of the crowd, the plaintiff propped her left foot up on her seat and placed her right foot on the ground. While in this position, she was purportedly jostled by a member of the crowd, thus causing her left foot to become wedged in the seat and to sustain an injury.

The plaintiff contends that the Supreme Court erred in granting the defendant's motion for summary judgment because issues of fact exist as to whether the defendant breached its duty to take adequate crowd control measures to protect patrons such as herself who were sitting in the area of the stadium where the crowd assembled. We disagree.

When a plaintiff's negligence claim is premised on the theory that her injuries were caused by overcrowding and inadequate crowd control, the plaintiff must establish that " '[she] was unable to find a place of safety or that [her] free movement was restricted due to the alleged overcrowding conditions' " (Palmieri v Ringling Bros. & Barnum & Bailey Combined Shows, 237 AD2d 589; see, Benanti v Port Auth., 176 AD2d 549). The plaintiff has failed to do so here.

The plaintiff's remaining contention is being raised for the first time on appeal and thus need not be addressed by the court (see, Shelton v Shelton, 151 AD2d 659). Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.