■ TOWN OF AMHERST et al., Respondents, v COUNTY OF ERIE et al., Appellants. [668 NYS2d 848] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In March 1989 the parties entered into a real property information system consortium agreement. That agreement was terminated on December 3, 1992. In November 1994 each plaintiff commenced an action against defendants, and the actions were consolidated in February 1995. The fourth cause of action in each action asserted that defendant County of Erie breached the consortium agreement and sought monetary damages arising from that breach. In their amended answers, defendants asserted that each plaintiff had breached the consortium agreement by failing to pay amounts due under it. Defendants asserted a counterclaim against each plaintiff based on equitable recoupment. Plaintiff Town of Amherst moved, *inter alia,* for an order dismissing the counterclaim against it on the ground that defendants failed to comply with Town Law § 65 (3) by filing a written verified claim within six months after the contract cause of action accrued. It appears from the record that the other plaintiffs joined in the motion. Supreme Court agreed with plaintiffs and dismissed the counterclaims. That was error.

Where a counterclaim "arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends", CPLR 203 (d) authorizes a defendant to interpose that counterclaim to the extent of the demand in the complaint notwithstanding that the counterclaim was barred at the time the complaint was interposed. Thus, a party may assert a claim for equitable recoupment even though a timely counterclaim has not or can-

not be filed (*see, Bendat v Premier Broadcast Group*, 175 AD2d 536, 538-539).

Here, defendants assert counterclaims based on equitable recoupment arising from the same contract from which plaintiffs seek damages for breach of contract. Defendants concede that their counterclaims were time-barred by Town Law § 65 (3) at the time the complaints were interposed and that they therefore may seek only equitable relief to mitigate any damages recovered by plaintiffs. Under those circumstances, defendants' failure to file a timely notice of claim pursuant to Town Law § 65 (3) does not bar the counterclaims for equitable recoupment (*see*, CPLR 203 [d]; *Hart v East Plaza*, 62 AD2d 113, 117, *lv dismissed* 45 NY2d 706; *see also, Bendat v Premier Broadcast Group, supra,* at 538-539). Consequently, we modify the order by denying that part of plaintiffs' motion seeking dismissal of defendants' counterclaims. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Dismiss Pleadings.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.