■ LIBBY KAHANE et al., Appellants, v MARRIOTT HOTEL CORPORATION, Respondent. [672 NYS2d 55] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered January 13, 1997, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated. Appeal from order, same court and Justice, entered April 30, 1997, which denied plaintiffs' motion for reargument and renewal, unanimously dismissed, without costs, as academic.

The evidence before the motion court demonstrated that, on the evening of November 5, 1990, while speaking in a banquet room located in defendant Marriott East Hotel at an affair ar-

ranged by an organization known as The Jewish Idea, plaintiff Libby Kahane's decedent, Rabbi Meir Kahane, was shot and killed by El Sayyid Nosair. Nosair, as he fled the banquet room, also shot plaintiff Irving Franklin in the leg when Franklin attempted to detain him. In ensuing State and Federal prosecutions, Nosair was convicted of various offenses, among them assault and conspiracy to commit murder.

"Although an innkeeper, as a landowner, is not an insurer against the risk of intrusion or theft upon its premises for the safety of its guests * * * it nevertheless has a duty to exercise reasonable care to protect guests or tenants, while on the premises, against injury at the hands of third persons who are not employees of the hotel * * * and is required to take reasonable protective measures, including providing adequate security, to protect guests or tenants against third-party criminal acts * * * particularly where the occurrence of criminal activity on the premises was reasonably foreseeable" (*Penchas v Hilton Hotels Corp.*, 198 AD2d 10, 10-11; *see also, Kukla v Syfus Leasing Corp.*, 928 F Supp 1328, 1334; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519).

Here, questions of fact exist as to whether defendant should have reasonably foreseen a risk of harm to plaintiff's decedent and should therefore have taken measures to provide more than a minimal level of security.* Clearly, whether a risk is foreseeable under a specific set of circumstances is generally a question best left to a trier of fact (*Rotz v City of New York*, 143 AD2d 301). Thus, in this matter, even without regard to decedent's widespread notoriety and the controversial nature of his positions on highly charged issues, a jury could obviously infer that harm was foreseeable from the fact that defendant received a telephone call on the afternoon of the scheduled affair from a caller who informed defendant's employee that he was aware that decedent would be speaking that night and asked, *inter alia*, whether metal detectors would be in place, noting that they had been used at prior appearances by decedent. When asked, the caller declined to identify himself. Defendant's employee immediately left an "urgent" message for a representative of The Jewish Idea to inform her of the receipt and content of this call. After they spoke, defendant's employee also informed hotel security and the head of the catering department of the call.

---

* A contract between defendant and The Jewish Idea would have required The Jewish Idea to provide certain security measures at its own expense had defendant determined them to be necessary.

In inexplicably concluding as a matter of law that the nature of this very odd telephone call was "non-threatening," the motion court improperly usurped the role of the trier of fact. Since we find that summary judgment was not warranted in these circumstances, the complaint should be reinstated. Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.