■ PATRICIA DENMAN, Respondent, v COPPOLA GENERAL CONTRACTING CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants. NEW AGE HEALTH SPA et al., Third-Party Defendants-Appellants. [683 NYS2d 617] —Crew III, J. Appeal from an order of the Supreme Court (Kane, J.), entered April 13, 1998 in Sullivan County, which granted plaintiff's motion for partial summary judgment.

In 1986, defendant Coppola General Contracting Corporation (hereinafter defendant) was engaged to do certain renovation work in a building owned by third-party defendant New Age Health Spa. During the course of the work, a staircase was installed connecting the first and second floors of the building. Thereafter plaintiff, an employee of New Age Health Spa, was injured when she fell down such stairs. As a consequence, plaintiff commenced this negligence action against defendant and its principals, Robert W. Coppola and Patricia B. Coppola, who, in turn, commenced the third-party action against, among others, New Age Health Spa. Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of breach of duty. Supreme Court granted the motion and defendants and third-party defendants appeal.

Plaintiff asserts that summary judgment may be granted not only as to a cause of action pleaded, but as to any part thereof as well (see, CPLR 3212 [e]). Inasmuch as plaintiff's negligence cause of action comprises the four elements of duty, breach, causation and damages, plaintiff reasons that Supreme Court was well within its authority to conclude that defendant breached its duty to plaintiff based upon the undisputed expert opinion of Robert Coppola that the stairs in question were defective. We disagree. It seems self-evident that in order to have a breach of duty, there must first be established that such duty exists. Inasmuch as all parties agree that there is a question of fact as to whether defendant erected the stairway in question, there necessarily is a question of fact as to whether defendant owed a duty to plaintiff. That being so, it is not possible, at this juncture, to determine summarily that defendant breached such duty. In light of this conclusion, we need not address the remaining arguments advanced on appeal.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, and motion denied.