■ Peter McKinnon, Appellant, v Bell Security, Respondent. [700 NYS2d 469] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about October 26, 1998, granting defendant's motion for summary judgment and denying plaintiff's cross-motion to strike defendant's answer, unanimously modified, on the law, to deny defendant's motion for summary judgment and to reinstate the complaint, and otherwise affirmed, without costs.

This is a personal injury action arising out of an altercation during a fraternity party on the Brookdale campus of Hunter College in Manhattan. The fraternity had hired defendant Bell Security to provide five uniformed security guards for the party. Plaintiff Peter McKinnon, a fraternity member, alleges that the negligence of one of defendant's employees in dealing with a suspected thief caused plaintiff to be assaulted by the suspect.

At the party, a friend told plaintiff that the former's wallet had been stolen and pointed out the suspect. Plaintiff approached the suspect, who appeared frightened and, allegedly, told the suspect not to worry. A uniformed Bell security guard then took custody of the suspect, saying, "I'll handle this." However, the guard refused plaintiff's request to call the police, so plaintiff went off to place the call himself. When he returned, he saw that the guard had interposed his body between the suspect and the fraternity members and was blocking them (including plaintiff) from access to the suspect. The guard motioned the suspect to the door and the suspect began to leave.

At this point, the parties dispute what happened next. Plaintiff, perturbed that a person he suspected of theft was being encouraged to escape, either walked or ran around the guard. He claims that he approached the suspect in order to ask him to remain until the police arrived, whereas defendant claims that plaintiff was trying to block the suspect's exit.

The suspect then attacked, punched and slashed plaintiff. The assault allegedly caused multiple facial lacerations, scarring and partial disability.

Plaintiff brought this negligence action against Bell Security.

The IAS Court found that defendant had a contractual duty to protect the property and lives of the students at the party, as well as a special duty of care that the security guard had assumed when he intervened in the incident. The court also found an issue of fact as to whether the manner of the suspect's release was negligent. Nevertheless, it granted defendant's motion for summary judgment on the grounds that plaintiff's choice to confront the suspect after the guard released him was an intervening cause of plaintiff's injuries.

A review of the decision shows that the IAS Court applied the wrong legal standard. The court believed that the question before it was whether the "negligence with which the defendant is charged can as a matter of law be found to be the proximate cause of [plaintiff's] injuries." However, plaintiff was not the party seeking judgment as a matter of law, but was rather opposing defendant's motion by seeking to show an issue of fact. It was defendant who had to prove as a matter of law that, notwithstanding every factual inference in plaintiff's favor, plaintiff could raise no triable issue of proximate cause (*Henderson v City of New York*, 178 AD2d 129). Defendant has not met its burden.

Proximate cause is typically a question best left for the finder of fact (*Rotz v City of New York*, 143 AD2d 301). The intervening act of a party other than defendant will not break the causal chain where the intervening act was a natural and foreseeable consequence of defendant's negligence (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Only an extraordinary and unanticipated act may serve as a basis for ruling as a matter of law that the chain has been broken (*Monell v City of New York*, 84 AD2d 717, 718). An intervening act may not serve as a superseding cause if the risk of the intervening act occurring is the very same risk that renders the defendant negligent (*Derdiarian v Felix Contr. Corp., supra*, at 316). Here, it was not unforeseeable as a matter of law that plaintiff would approach the suspect, after the security guard had inexplicably released him without making any apparent attempt to ascertain whether the suspect possessed the wallet. The risk of such a dispute turning violent was the very reason the fraternity hired security guards for a party that might become rowdy. The trier of fact must determine whether plaintiff's demeanor and behavior aggressively precipitated the confrontation, to the extent of relieving defendant of responsibility.

Defendant inappropriately relies on cases in which there was no doubt that the plaintiff initiated or voluntarily participated in a physical fight with another person (*Borelli v Board of*

*Educ.*, 156 AD2d 903; *Ruggerio v Board of Educ.*, 31 AD2d 884, *affd* 26 NY2d 849). Assuming (as we must) that plaintiff's version of the facts is correct, plaintiff cannot be said to have brought his injuries on himself merely by approaching the suspect with the intention of asking him to remain on the premises pending an investigation.

It was not an abuse of discretion for the IAS Court to deny plaintiff's cross-motion to strike defendant's answer for discovery noncompliance. While defendant failed to provide a witness who was knowledgeable about the number and assignments of the guards on duty, their standing orders, or the guards' logs, the material issue in the case is plaintiff's behavior, not defendant's. There is no dispute that an employee of defendant assumed responsibility for the suspect and then released him without calling the police or explaining his actions. Therefore, defendant's noncompliance with this particular discovery request does not warrant the drastic remedy of striking the answer (*see, Kaplan v KCK Studios*, 238 AD2d 264). Concur—Sullivan, J. P., Rosenberger, Tom, Mazzarelli and Wallach, JJ.