■ HERBERT MESSINGER, Individually and as Administrator of the Estate of SELMA MESSINGER, Deceased, Appellant, v MOUNT SINAI MEDICAL CENTER et al., Defendants, KEVIN BAUMLIN et al., Respondents, and ANDREW MESSINGER et al., Counterclaim Defendants-Appellants. [720 NYS2d 13] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about August 10, 1999, which denied plaintiffs' and counterclaim defendants' motion to amend their pleadings to include a Statute of Limitations defense to defendants-respondents' counterclaims and, upon such amendment, to dismiss those counterclaims, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of appellants dismissing defendants-respondents' counterclaims. Appeal from order, same court and Justice, entered on or about November 1, 1999, which denied plaintiff's and counterclaim defendants-appellants' motion for reargument, unanimously dismissed, without costs, as taken from a non-appealable order.

·Pursuant to CPLR 203 (d), counterclaims which would otherwise be barred by the Statute of Limitations are not barred so long as they arise from the same transaction or occurrences as the primary claim (*Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788). Here, the alleged assault and battery of defendant treating physicians by plaintiff and the defendants on the counterclaim, which occurred immediately upon hearing of decedent's death, cannot be considered as arising from the same occurrence. The assault was not a part of the alleged malpractice but arguably only a result of it. The two actions are related, but there is no common thread tying the two together to warrant revival of the assault counterclaim under CPLR 203 (d) (*Levy v Kendricks*, 170 AD2d 387).

Pursuant to CPLR 3025 (b) leave to amend a pleading is to be freely given absent significant prejudice or surprise directly resulting from the delay. Defendants fail to assert any claim of prejudice. The fact that plaintiff and defendants on the counterclaim failed to assert a reasonable excuse for their delay is insufficient to prohibit them from amending their reply (*Cameron v 1199 Hous. Corp.*, 208 AD2d 454). Concur—Sullivan, P. J., Andrias, Wallach, Lerner and Buckley, JJ.