■ RODNEY REDNOUR, Respondent, v HILTON HOTELS CORPORATION et al., Appellants. [724 NYS2d 739] —Order, Supreme

Court, New York County (Sheila Abdus-Salaam, J.), entered July 12, 2000, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff, a homeless man, testified at his deposition that he was using a pay phone in the Waldorf-Astoria Hotel in the hallway leading to the hotel bar called Sir Harry's. Noticing a woman whom he believed to be a prostitute using the phone next to him, he began to talk to her about escort services. She left, but when she returned soon thereafter, he recommenced talking to her. When she ignored him, he called out "whore" as she walked away. Shortly thereafter, a man burst through the doorway, said "Are you f—ing with my bitch?," walked up to him and cut his throat.

While an innkeeper has a duty to provide reasonable security to protect its guests against criminal acts where such acts are reasonably foreseeable (*see, Penchas v Hilton Hotels Corp.,* 198 AD2d 10), and evidence that "ambient crime * * * infiltrated the premises" may satisfy the requirement of foreseeability (*see, Anzalone v Pan-Am Equities,* 271 AD2d 307, 308), here, plaintiff acknowledged the presence of security generally throughout the hotel. Moreover, since the violent attack was targeted exclusively at him, based upon his prior remarks to a woman who appeared to be a prostitute, and the hotel had no reason to anticipate such an attack, the only security measure that even arguably could have prevented the attack would have been the fortuitous presence of a security guard stationed at the exact location of the attack.

When a hotel has advance knowledge giving it notice of a possible security risk, that knowledge may support a finding that the hotel breached its duty to provide reasonable security to its guests with regard to that risk (*see, Kahane v Marriott Hotel Corp.,* 249 AD2d 164; *Penchas v Hilton Hotels Corp., supra*). However, here, the attack by plaintiff's assailant was a sudden, unforeseeable incident. Plaintiff is unable to explain how the incident could have been avoided with reasonable security, based upon what was known to the hotel at the time. Under such circumstances, the sudden criminal attack constituted a superseding cause of plaintiff's injury (*see, Harris v New York City Hous. Auth.,* 211 AD2d 616; *Tarter v Schildkraut,* 151 AD2d 414, *lv denied* 74 NY2d 616).

Accordingly, the complaint must be dismissed. Concur—Rosenberger, J. P., Nardelli, Andrias, Ellerin and Saxe, JJ.