■ ELLEN R. MADDEN et al., Appellants, v PINE HILL-KINGSTON BUS CORPORATION, Respondent. [732 NYS2d 459] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 4, 2000 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Ellen R. Madden and her spouse, derivatively, commenced this action against defendant seeking to recover for injuries allegedly sustained by Madden in January 1996 after disembarking from a bus owned and/or operated by defendant at the Port Authority Bus Station in New York City. Plaintiffs also commenced a separate action against the Port Authority of New York and New Jersey alleging, *inter alia*, that Madden fell from a platform due to an improperly marked curb. A trial in that action resulted in a verdict in favor of the Port Authority, with the jury finding that the platform in question was reasonably safe. In the interim, following joinder of issue and discovery in the instant action, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion and this appeal ensued.

To the extent that plaintiffs' complaint alleged that defendant negligently maintained the platform from which Madden fell, Supreme Court correctly concluded that the identical issue was addressed and decided in the prior action against the Port Authority and plaintiffs, having had a full and fair opportunity to litigate such claim in that forum, cannot now relitigate that issue in the present action against defendant (*see generally, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). As for plaintiffs' alternate theory of recovery—namely, that defendant failed to fulfill its duty as a common carrier to provide adequate crowd control—we agree that defendant cannot successfully invoke the doctrine of collateral estoppel, as there is insufficient evidence in the record to permit us to find that such issue indeed was addressed and decided in the prior action. We nonetheless are persuaded that defendant is entitled to summary judgment dismissing the complaint.

The case law makes clear that where, as here, "a plaintiff's negligence claim is premised on the theory that his or her injuries were caused by overcrowding and inadequate crowd control, the plaintiff must establish that 'he [or she] was unable to find a place of safety or that his [or her] free movement was restricted due to the alleged overcrowding conditions' " (*Palmieri v Ringling Bros. & Barnum & Bailey Combined Shows*, 237 AD2d 589, quoting *Benanti v Port Auth.*, 176 AD2d 549; *see, Gordon v New York City Tr. Auth.*, 267 AD2d 201, 202; *Greenberg v Sterling Doubleday Enters.*, 240 AD2d 702, 703). This plaintiffs failed to do. Even accepting Madden's averments that the terminal was "crowded" with everyone "rushing, pushing and shoving" and that such overcrowding precluded her from observing the curb in question—statements that are somewhat at odds with her examination before trial testimony—such statements nonetheless fall far short of establishing that the alleged overcrowding restricted her free movement or prevented her from reaching a place of safety. Accordingly, defendant's motion for summary judgment dismissing the complaint was properly granted.

Cardona, P. J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.