■ SHARYN LEFF et al., Appellants, v BENIHANA OF TOKYO, Respondent. [758 NYS2d 295] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered November 1, 2002, which, insofar as appealed from, denied plaintiff's motion for leave to amend the complaint to add parties, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

This is a personal injury action against a restaurant based on plaintiff's consumption of bottled water which allegedly caused bleeding and damage to her esophagus. While all disclosure was to be completed by December 2001, an expert report was furnished by defendant in August 2002, several months prior to the scheduled trial, in which the expert stated

that the injuries sustained by plaintiff could not have resulted from contamination of the drinking glass provided by the restaurant. Plaintiffs thereafter moved for leave to add as defendants the manufacturer of the bottled water as well as the distributor. The IAS court denied leave, finding that plaintiffs should have been aware earlier that liability might exist as to the potential defendants. Since defendant supported the motion to amend the pleadings, there exists no prejudice to defendant. Given the expert disclosure provided to plaintiff, there is clearly no surprise to defendant and the IAS court should have freely granted leave to amend (CPLR 3025 [b]; *see Fahey v County of Ontario*, 44 NY2d 934, 935 [1978]; *Messinger v Mount Sinai Med. Ctr.*, 279 AD2d 344 [2001]). Concur—Buckley, P.J., Nardelli, Rosenberger and Marlow, JJ.